IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE GADSBY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED OF OMAHA LIFE | : | NO. 18-2214 |
| INSURANCE COMPANY and FACILITY | : | |
| SOLUTIONS GROUP, INC. | : | |

**MEMORANDUM**

Padova, J.                                                                  March 28, 2019

Plaintiff Grace Gadsby has brought this action against the United of Omaha Life Insurance Company ("United") and Facility Solutions Group, Inc. ("FSG") seeking recovery of life insurance benefits under ERISA and Pennsylvania common law. Both Defendants have filed Motions to Dismiss the Complaint in its entirety. For the following reasons, we deny United's Motion with respect to Count II – a claim for recovery of life insurance benefits under ERISA § 502(a)(1)(B) – and grant the Motion as to all other Counts. We grant FSG's Motion as to all Counts.

**I.  FACTUAL BACKGROUND**

The Complaint alleges that Plaintiff Grace Gadsby is the beneficiary of a life insurance policy belonging to her former fiancé, Richard Lounsbury (the "Decedent"). (Compl. ¶¶ 1, 4.) Decedent began working for FSG at its Philadelphia location on April 30, 2013. (Id. ¶ 6.) At this time, Decedent received $10,000 in basic life insurance coverage through a United policy as an employment benefit and chose not to buy supplemental voluntary life insurance coverage. (Id. ¶¶ 7-8.) Subsequently, in 2015, Decedent purchased $200,000 in voluntary life insurance coverage under United group policy GVTL-AIXC (the "Policy"). (Id. ¶ 9.) Between January 2016 and Decedent's death, FSG regularly deducted life insurance premiums from Decedent's

paycheck for the supplemental life insurance benefits and remitted those premiums to United. (Id. ¶ 14.) On January 23, 2017, Decedent passed away at the age of 37. (Id., Ex. C)

Shortly after Decedent's death, an FSG representative completed a Proof of Death Claim Form for Decedent and indicated on that form that Decedent had $10,000 in basic life insurance benefits and $200,000 in voluntary life insurance benefits. (Compl. ¶ 11; Id., Ex. C.) Plaintiff filed claims for these benefits, and United paid $10,000 in basic life insurance benefits on March 27, 2017. (Compl., Ex. D.) However, United denied Plaintiff's claim for voluntary life insurance benefits under the Policy because United had not received evidence of insurability ("EOI") for the Policy. (Compl. ¶ 12.) United advised Plaintiff in a letter that, pursuant to the Policy's terms, Decedent had been required to submit EOI because he had elected to enroll in the supplemental insurance more than 31 days after he became eligible for insurance. (Id.; Ex. F at 3.) United stated in its denial of claim letter that Decedent had been eligible for coverage on January 1, 2014 and did not elect voluntary life insurance coverage until January 1, 2016, two years later. (Compl., Ex. D at 2.) United maintained that, according to its records, it had received no EOI from Decedent and that, as a result, Decedent never became insured under the Policy. (Id.) After United denied coverage, FSG refunded the voluntary life insurance premiums that it had collected from Decedent. (Compl. ¶ 19; Ex. E.)

Plaintiff did not appeal the denial of coverage, and the Complaint alleges that an appeal would have been futile because Decedent had not submitted EOI. (Compl. ¶ 13.) However, beyond what was written in the Policy, Defendants never notified Decedent that he needed to submit EOI and never asked him for it. (Id. ¶ 25.) The Complaint alleges that the lack of notice, combined with the periodic collection of life insurance premiums, led Decedent and Plaintiff to reasonably believe that Decedent was covered under the Policy without submitting

2

EOI. (Id. ¶ 23.) According to the Complaint, "[b]ut for this reasonable belief, the Decedent would have either completed and submitted the EOI or otherwise obtained alternative coverage." (Id. ¶ 24.) Consequently, the Complaint avers that Defendants "cannot contest the validity of, and are equitably estopped from refusing to pay," the benefits under the Policy because they received premiums from Decedent for the $200,000 Policy without informing him of the deficiencies in his policy or asking him to submit EOI. (Id. ¶ 26.)

Plaintiff now seeks $200,000 in voluntary life insurance benefits under the Policy, which she asserts is an "employee welfare benefit plan," as defined by ERISA. (Id. ¶ 5; Ex. A.) The Complaint asserts four claims for relief. Count I of the Complaint seeks a declaratory judgment that Defendants have a duty to pay the $200,000 owing to Plaintiff under the Policy. (Compl. ¶¶ 27-29.) Count II asserts a claim for recovery of life insurance benefits against Defendants, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Id. ¶¶ 30-33.) Count III asserts a breach of contract claim against Defendants and seeks damages in excess of $200,000, plus interest. (Id. ¶¶ 34-37.) Similarly, Count IV asserts a breach of fiduciary duty claim against Defendants based on Defendants' denial of the $200,000 in voluntary life insurance coverage. (Id. ¶¶ 38-43.) As noted above, both Defendants have filed Motions to Dismiss the Complaint in its entirety.

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). It is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Olson v.

Ako, 724 F. App'x 160, 166 (3d Cir. 2018) (quoting Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)). We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556), but it "requires showing 'more than a sheer possibility that a defendant has acted unlawfully.'" Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Iqbal, 556 U.S. at 678). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

**III. DISCUSSION**

   A.   Preemption of Counts I, III, and IV

Defendants contend that ERISA preempts Counts I, III, and IV and that we should dismiss those Counts on the basis of preemption. Two types of substantive preemption are possible under ERISA—express preemption and conflict preemption. ERISA's "express preemption provision provides that ERISA's regulatory structure 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [subject to ERISA].'" Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 293 (3d Cir. 2014) (alteration in original) (quoting 29 U.S.C. § 1144(a)). "'Relate to' has always been given a broad, common-sense meaning, such that a state law '"relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" Id. at 293-94 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983)). "State common law claims . . . routinely fall within the ambit of [29 U.S.C. § 1144(a)]." Id. at 294 (citations omitted).

The other form of substantive preemption is conflict preemption. A "claim is conflict preempted by [29 U.S.C. § 1132] when it 'duplicates, supplements, or supplants the ERISA civil enforcement remedy.'" Id. (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 201 (2004)). "Congress intended for the causes of action and remedies available under [29 U.S.C. § 1132] to be the exclusive vehicles for actions by ERISA plan participants asserting improper plan administration." Id. (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)). Consequently, 29 U.S.C. § 1132 bars relief that would add to the relief provided for by ERISA. Id.

Under Count I, Plaintiff "seeks a judicial declaration as to Defendants' duties, including their duty to pay the full $200,000.00 amount owing to Plaintiff under the Policy, confirming that

5

Plaintiff's contentions, as stated above, are correct." (Compl. ¶ 29.) ERISA allows for a plaintiff to seek a declaratory judgment under 29 U.S.C. § 1132(a)(1)(B). Rather than pursuing a declaratory judgment under ERISA, Plaintiff seeks a common law declaratory judgment. Where plaintiffs seek common law declaratory judgment on the terms of an ERISA policy, courts have found the state law declaratory judgment claims to be preempted. See, e.g., Campbell v. Prudential Ins. Co. of Am., Civ. A. No. 01-5229, 2002 WL 462085, at *1 (E.D. Pa. Mar. 25, 2002) (citations omitted); Rallis v. Trans World Music Corp., Civ. A. No. 93-6100, 1994 WL 96264, at *4 (E.D. Pa. Mar. 25, 1994). The remedy that Plaintiff seeks under Count I duplicates an already-existing ERISA civil enforcement remedy, so Count I is conflict preempted. Count I is also expressly preempted because it invokes a state common law claim that relates to or has a connection with a plan governed by ERISA. Therefore, we grant Defendants' Motions to Dismiss insofar as they seek dismissal of Count I on preemption grounds.

Under Count III, Plaintiff asserts a common law breach of contract claim, alleging that "Defendants have breached their duties under the Policy, and the Voluntary Life Insurance, by refusing and failing to pay the full $200,000.00 in Voluntary Life Insurance to Plaintiff." (Compl. ¶ 35.) "Generally, '[s]tate law breach of contract claims are preempted by ERISA's express preemption clause when the contract breached is considered an employee benefit plan under ERISA.'" Haymaker v. Reliance Standard Life Ins. Co., Civ. A. No. 15-6306, 2016 WL 1696851, at *4 (E.D. Pa. Apr. 27, 2016) (alteration in original) (quoting Gilbertson v. Unum Life Ins. Co. of Am., Civ. A. No. 03-5732, 2005 WL 1484555, at *2 (E.D. Pa. June 21, 2005)); Butler v. Liberty Mut., 655 F. App'x 138, 140 (3d Cir. 2016) ("[S]tate-law claims like the contract and fraud claims that [Plaintiff] has brought in his complaint fall within the scope of ERISA

preemption because they 'relate' to an ERISA-governed benefits plan.") (citations omitted). Because Count III alleges a breach of the terms of the Policy, it "relates to" the Policy and is therefore subject to express preemption. Accordingly, we grant Defendants' Motions to Dismiss insofar as they seek dismissal of Count III on preemption grounds.

Under Count IV, Plaintiff asserts a common law claim that "Defendants have breached their fiduciary duties and obligations to Plaintiff by denying coverage for the remaining $200,000.00 Voluntary Life Insurance coverage." (Compl. ¶ 40.) Plaintiff does not allege that a fiduciary duty arose before the establishment of the Policy. Rather, Plaintiff alleges that the fiduciary duties that Defendants allegedly breached arise from the Policy itself. (Id. ¶ 39.) Where a defendant owes a plaintiff fiduciary duties solely because of ERISA-regulated plans, courts have found common law breach of fiduciary claims to be expressly preempted. Menkes, 762 F.3d at 296 ("The defendants owed the plaintiffs fiduciary duties only on account of these agreements . . . . Because these claims explicitly require reference to the [ERISA-regulated] plan and what it covers, they are expressly preempted."); Mack v. CTC Ill. Tr. Co., Civ. A. No. 04-83, 2004 WL 1631398, at *3 (E.D. Pa. July 20, 2004) (finding breach of fiduciary duty claim expressly preempted where "claim [was] entirely dependent upon the [ERISA-regulated] plan and the responsibilities of the plan's fiduciaries"). Plaintiff's common law breach of fiduciary duty claim relates to the Policy insofar as the fiduciary duties arise from the Policy, and the resolution of this claim requires us to interpret the Policy. Accordingly, we find Count IV expressly preempted and grant Defendants' Motions to Dismiss in that regard. Because we find that the common law claims in Counts I, III, and IV are clearly preempted by ERISA, any amendment to those claims would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (requiring that a court grant leave to amend only if amendment of claims is neither

inequitable nor futile). We therefore dismiss Counts I, III, and IV with prejudice.

B. FSG as a Proper Defendant

FSG argues that Plaintiff's claim for denial of benefits against it in Count II should be dismissed because the Complaint does not allege facts that support a conclusion that FSG is a proper defendant under 29 U.S.C. § 1132(a)(1)(B). Only those who exercise control over the administration of benefits may be named as defendants in claims under § 1132(a)(1)(B). Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558-59 (3d Cir. 2009) ("Exercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)."). Examples of control over the administration of benefits include having the discretion to interpret the terms of the policy and to determine eligibility. See Newcomer v. Henkels & McCoy, Inc., Civ. A. No. 16-2119, 2017 WL 3268155, at *3 (M.D. Pa. Aug. 1, 2017) (citing Evans, 311 F. App'x at 559); Prof'l Orthopedic Assocs., Pa., Cohen v. Horizon Blue Cross Blue Shield of New Jersey, Civ. A. No. 14-4731, 2015 WL 5455820, at *5 (D.N.J. Sept. 16, 2015).

Here, the Complaint alleges only that FSG (1) deducted Decedent's premiums from his paycheck and remitted them to United and (2) refunded Decedent's premiums once United determined that Decedent was not insured under the Policy. (Compl. ¶¶ 14, 19.) Neither of these actions shows control over the Policy. Sawyer v. Potash Corp. of Saskatchewan (Potashcorp), 417 F. Supp. 2d 730, 737 (E.D.N.C. 2006) (finding that act of collecting premiums from employees is not sufficient to render employers susceptible to § 1132(a)(1)(B) suits), aff'd, 223 F. App'x 217 (4th Cir. 2007).

In support of its assertion that FSG exercised the necessary control, Plaintiff points to the Proof of Death Claim Form that was completed by an FSG representative who certified that, to the best of his knowledge, the information in the form was correct, and the Policy was in force when Decedent died. (Compl., Ex. C.) However, far from demonstrating FSG's control over the benefits of the Policy, this evidence actually highlights FSG's lack of control. While the FSG representative certified that Decedent had a $200,000 voluntary life insurance policy, it was United that concluded that no benefits were payable and denied coverage. (Id., Ex. D.) Thus, the facts as alleged establish that United, not FSG, made the ultimate eligibility and coverage determinations.

Because Plaintiff has not pled facts that support a conclusion that FSG exercised control over the Policy,[1] we grant FSG's Motion in this regard and dismiss Count II against it. At the same time, at this stage in the proceedings, we are not convinced that amendment of Plaintiff's denial of benefits claim against FSG would be either inequitable or futile, as she may be able to allege that FSG exercised the requisite control over the administration of benefits, and we therefore dismiss the claim without prejudice. See Alston, 363 F.3d at 235; Brant v. Principal Life & Disability Ins. Co., 6 F. App'x 533, 535 (8th Cir. 2001) (recognizing that it is possible for an employer to exercise sufficient control to make it a proper defendant under § 1132(a)(1)(B)).

---

[1] We note that FSG states in its briefing that it has the nominal title of "Plan Administrator." (FSG Mot. to Dismiss at 8.) However, this does not affect our analysis because employers who lack control over ERISA-regulated plans are not proper defendants under § 1132(a)(1)(B) notwithstanding any nominal designations as "administrators." Mullica v. Minnesota Life Ins. Co., Civ. A. No. 11-4034, 2013 WL 5410904, at *6 (E.D. Pa. Sept. 27, 2013) (citing Evans, 311 F. App'x at 558).

C. Plaintiff Pleading Herself Out of Court[2]

United argues that Plaintiff's claim for denial of benefits against it in Count II should be dismissed because the allegations of the Complaint make clear that she did not comply with the Policy's terms, and thus, it is clear that she cannot recover on her claim for benefits. Under the Policy, EOI "is required for insurance elected more than 31 days after" an employee becomes eligible, and an employee "who is Actively Working on the Policy Effective Date becomes eligible . . . on the Policy Effective Date." (Compl., Ex. F at 5.) The Complaint makes clear that Decedent was working for FSG on January 1, 2014—the Policy Effective Date of the Policy in question—so, under the terms of the Policy, Decedent became eligible for insurance on January 1, 2014. (Compl. ¶¶ 4, 6.) Because Decedent elected his supplemental life insurance on January 1, 2016, more than 31 days after January 1, 2014, the Policy therefore required Decedent to submit EOI for his supplemental insurance. (Id. ¶ 9, Ex. F.) The Complaint alleges that Decedent did not complete or submit EOI. (Id. ¶ 13.)

The allegations of the Complaint, accepted as true, establish that Decedent did not submit EOI, which the Policy required under the circumstances presented. However, Plaintiff is proceeding on a theory that United cannot contest the validity of Plaintiff's benefits under the Policy because it failed to enforce the EOI requirement insofar as it accepted premiums for a full year and never informed Decedent of the EOI deficiency. Indeed, failing to submit EOI is not fatal to a § 1132(a)(1)(B) claim under circumstances in which the insurer is deemed to have waived the EOI requirement. See Salyers v. Metro. Life Ins. Co., 871 F.3d 934, 941 (9th Cir.

---

[2] United argues that Plaintiff has "pled herself out of court" by pleading that EOI was required but never submitted. (United Mot. to Dismiss at 9-13.) Pleading oneself out of court is another way of saying that a plaintiff has pled facts that would make recovery impossible, such as facts that provide a defendant with an affirmative defense. See Schmidt v. Skolas, 770 F.3d 241, 252-53 (3d Cir. 2014) (reversing dismissal and finding that plaintiff had not pled himself out of court because it was not facially apparent that his claims were time-barred).

2017) (stating that deduction of premiums, failure to request EOI over a period of months, and employer's representation that policyholder had coverage "were collectively 'so inconsistent with an intent to enforce' the evidence of insurability requirement as to 'induce a reasonable belief that [it] ha[d] been relinquished'") (alterations in original) (quoting Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1559 (9th Cir. 1991)). Here, we read the Complaint to allege that United essentially waived the EOI requirement by failing to enforce it.[3] (See Compl. ¶ 26.) We therefore reject United's argument that the facts alleged in the Complaint unequivocally dictate that Plaintiff's claim for benefits under § 1132(a)(1)(B) is meritless, and we deny United's Motion to Dismiss insofar as it seeks dismissal of Count II on that basis.

D. The Exhaustion of Plan Remedies

Finally, United argues that we should dismiss the § 1132(a)(1)(B) claim against it in Count II because Plaintiff has admitted that she did not appeal the initial claim denial and thus has not exhausted her administrative remedies. Further, United argues that Plaintiff's allegation that it appeared futile to appeal United's decision does not constitute a "clear and positive showing" of futility, which is what is ultimately necessary to excuse the exhaustion requirement.

Ordinarily, a "plaintiff is required to exhaust administrative remedies prior to bringing an ERISA action to recover benefits under a plan." Mallon v. Trover Sols. Inc., 613 F. App'x 142, 143 (3d Cir. 2015) (quoting Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 252 (3d Cir.

---

[3] The Complaint alleges that United is "equitably estopped" from refusing to pay the supplemental life insurance benefits. (Compl. ¶ 26.) However, an equitable estoppel claim can only be brought under 29 U.S.C. § 1332(a)(3), and Plaintiff has not asserted a claim under that subsection. O'Blenis v. Nat'l Elevator Indus. Pension Plan, 645 F. App'x 179, 181 (3d Cir. 2016) (citing Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 235 (3d Cir. 1994)); Smith v. Thomas Jefferson Univ., 52 F. Supp. 2d 495, 498 (E.D. Pa. 1999) (noting that an equitable estoppel claim is properly brought under § 1132(a)(3) and not § 1132(a)(1)(B)). Accordingly, we liberally construe the averment that United is estopped from enforcing the Policy as one that United waived the EOI requirement.

11

2002)). "Courts require exhaustion of administrative remedies 'to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'" Harrow, 279 F.3d at 249 (quoting Amato v. Bernard, 618 F.2d 559, 567 (9th Cir. 1980)). However, this exhaustion requirement is not a rigid jurisdictional rule; instead, it is a judge-made, prudential rule that permits "flexible exceptions for 'waiver, estoppel, tolling, or futility.'" Metro. Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007) (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)). "Judicial prudence, not power, governs its application in a given case." Id. Where plaintiffs seek to recover benefits under 29 U.S.C. § 1132, courts consider the following nonexclusive list of factors to determine whether an appeal would be futile:

> (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile.

Harrow, 279 F.3d at 250. Courts are not required to analyze all five factors; indeed, a single factor by itself can establish futility. See, e.g., Cottillion v. United Ref. Co., 781 F.3d 47, 55 (3d Cir. 2015). The exhaustion requirement does not apply to plaintiffs alleging violations of substantive statutory provisions of ERISA, such as claims for breach of fiduciary duties in violation of 29 U.S.C. § 1104. Mallon, 613 F. App'x at 143–44 (citing Harrow, 279 F.3d at 253; Zipf v. Am. Tel. & Tel. Co., 799 F.2d 889, 891–92 (3d Cir. 1986)).

"Exhaustion is an affirmative defense and, accordingly, the burden is on [the movant] to demonstrate that [the plaintiff] failed to exhaust her administrative remedies under the plan." Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP, 297 F. App'x 192, 193 (3d Cir. 2008) (citing Price, 501 F.3d at 280; Jakimas v. Hoffman-LaRoche, Inc., 485 F.3d 770, 782 (3d Cir. 2007)).

12

"To prevail on a Rule 12(b)(6) motion to dismiss based on an affirmative defense . . . a defendant must show that 'the defense is apparent on the face of the complaint and documents relied on in the complaint.'" Lupian v. Joseph Cory Holdings LLC, 905 F.3d 127, 130 (3d Cir. 2018) (quoting Bohus v. Restaurant.com, Inc., 784 F.3d 918, 923 n.2 (3d Cir. 2015)) (additional citations omitted). If a defendant satisfies its burden of proving failure to exhaust, then the party claiming futility "must provide a clear and positive showing of futility." D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002) (citing Harrow, 279 F.3d at 249); SeYoung Ra v. Gerhard's, Inc., Civ. A. No. 17-5211, 2019 WL 95473, at *10 (E.D. Pa. Jan. 3, 2019).

Plaintiff's claim in Count II of the Complaint seeks to recover benefits under 29 U.S.C. § 1132(a)(1)(B). There is no question that claims under this statutory provision require exhaustion.[4] See, e.g., D'Amico, 297 F.3d at 291. United's denial letter explicitly told Plaintiff that she had the right to appeal the decision denying payment under the Policy. (Compl., Ex. D at 2.) The letter also notified Plaintiff of the time within which she could appeal, where she should send her appeal, and what information she should include in her appeal. (Id. at 2-3.) It also explained that she had the right to bring a civil suit "once all administrative rights to review have been exhausted." (Id. at 3.) Despite this notice, Plaintiff did not appeal the denial of coverage. (Compl. ¶ 13.) Therefore, taking the facts alleged in the Complaint as true, Plaintiff plainly failed to exhaust her administrative remedies.

---

[4] In her response to United's Motion to Dismiss, Plaintiff attempts to recharacterize her claim in Count II as one for breach of fiduciary duty in order to avoid the exhaustion requirement. See Mallon, 613 F. App'x at 143-44. However, Count II of the Complaint unequivocally asserts a claim for denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), not a breach of fiduciary duty claim pursuant to 29 U.S.C. § 1104. Moreover, "a complaint cannot be amended by the briefs in opposition to a motion to dismiss." Ako, 724 F. App'x at 166 (quoting PepsiCo, Inc., 836 F.2d at 181); Clean Air Council v. United States, Civ. A. No. 17-4977, 2019 WL 687873, at *4 (E.D. Pa. Feb. 19, 2019).

The Complaint also alleges, however, that exhaustion would have been futile, and Plaintiff argues that the Complaint sufficiently pleads that the exhaustion requirement should therefore be excused. As noted above, to be excused from the exhaustion requirement based on futility, a plaintiff must ultimately provide a clear and positive showing of futility. See Harrow, 279 F.3d at 249. Courts have labelled appeals to insurers who have "clear and unwavering" stances about "unambiguous" plans a "pointless administrative exercise" and excused exhaustion as futile on that basis. Falcone v. Teamsters Health and Welfare Fund, 489 F. Supp. 2d 490, 496 (E.D. Pa. 2007) (stating that exhaustion would be futile where the policy is unambiguous and the insurer's stance is "clear and unwavering," which together demonstrate that denial of benefits was pursuant to a "fixed policy"); Dymeck v. NBTY, Inc., Civ. A. No. 05-2314, 2006 WL 898170, at *1 (M.D. Pa. Apr. 4, 2006) ("The exhaustion requirement, however, may be excused 'where resort to administrative remedies would be futile because of the certainty of an adverse decision . . . [and] when resort to the administrative remedies is clearly useless.'") (alterations in original) (quoting Commc'n Workers of Am. v. Am. Tel. & Tel. Co., 40 F.3d 426, 432 (D.C. Cir. 1994) and citing Kriner v. GTE Prod. Corp., Civ. A. No. 89–907, 1990 WL 597393, at *3 (M.D. Pa. July 10, 1990)).

For the purposes of 12(b)(6) review, we find that Plaintiff has plausibly alleged futility. While Plaintiff's allegations of futility are sparse, they nevertheless reasonably suggest that United had a fixed and unwavering policy of denying benefits when EOI had not been submitted as required by the Policy, irrespective of whether United had been collecting premiums without notifying the plan participant of the EOI requirement.[5] "Whether exhaustion would in fact be

---

[5] United in its Reply Brief argues for the first time that the failure to secure EOI was FSG's fault, for which United cannot be faulted. (United Reply at 8-11.) It therefore argues that we should dismiss it from the action and permit the claims against FSG to proceed. (Id. at

14

futile remains a disputed issue that cannot be decided at this time." See Hansel v. Aetna Life Ins. Co., Civ. A. No. 17-3931, 2018 WL 3105654, at *5 (E.D. Pa. June 25, 2018) (citing Stampone v. Walker, 722 F. App'x 246, 249–50 (3d Cir. 2018); Ciotti v. Meadowlands Hosp. Med. Ctr., Civ. A. No. 13-2055, 2015 WL 127720, at *4 (D.N.J. Jan. 7, 2015)). We therefore conclude that Plaintiff has adequately pled the futility exception, and we deny United's Motion insofar as it seeks dismissal of Count II based on a failure to exhaust administrative remedies. United can, of course, argue failure to exhaust again at the summary judgment stage, after a full factual record has been developed. See Owens-Wolkowicz v. Corsolutions Med., Inc., Civ. A. No. 05-277, 2005 WL 1592903, at *3 (E.D. Pa. June 30, 2005); Lawson v. Nationwide Mut. Ins. Co., Civ. A. No. 05-1249, 2005 WL 1533102, at *4–5 (E.D. Pa. June 29, 2005).

## IV. CONCLUSION

For the foregoing reasons, we grant FSG's Motion to Dismiss with prejudice as to the claims against FSG in Counts I, III, and IV and grant the Motion without prejudice as to the claim against FSG in Count II. We grant Plaintiff leave to amend her claim against FSG in Count II to the extent that she believes that she can plausibly allege that FSG exercised control over the administration of benefits.

---

11.) Whatever the merits of this argument, United has waived the argument for the purposes of this Motion because it did not raise it in its initial Motion to Dismiss. See Hausknecht v. John Hancock Life Ins. Co. of New York, 334 F. Supp. 3d 665, 675 n.5 (E.D. Pa. 2018) (stating that argument raised for the first time in reply brief was waived) (citing Laborers Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief")); United States v. Smith, 721 F. App'x 222, 223 n.1 (3d Cir. 2018) (citing Foster Wheeler Corp., 26 F.3d at 398).

In addition, we grant United's Motion to Dismiss to the extent that it seeks dismissal with prejudice of the claims against it in Counts I, III, and IV but deny the Motion insofar as it seeks dismissal of the claims against United in Count II. An appropriate Order follows.

BY THE COURT:


/s/ John R. Padova_____
John R. Padova, J.